**FINOVA CAPITAL CORPORATION,**
a Delaware Corporation,
Plaintiff–Appellee,

v.

Edgar ADRIANO, individually and as husband; Guadalupe Adriano, individually and as wife; Elmer Adriano, individually and as husband; Irma Adriano, individually and as wife, Defendants–Appellants,

and

Fabiola Adriano, individually as wife; Adrian Adriano, individually and as husband; Restaurant Solutions, Inc., a Texas corporation, Defendants.

No. 00–15121.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Edgar Adriano, Guadalupe Adriano, Elmer Adriano, and Irma Adriano ("Appel-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

lants") appeal pro se the district court's entry of default judgment pursuant to Fed. R.Civ.P. 37(b)(2)(C) in Finova Capital Corporation's ("Finova") diversity action for breach of contract and guaranty. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

 We review the district court's sanction of default judgment for discovery violations for an abuse of discretion. *See Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang,* 105 F.3d 521, 524 (9th Cir.1997). Because the record demonstrates that the district court considered the availability of lesser sanctions, that Appellants' failure to participate in case management conferences and comply with a prior sanctions order prejudiced Finova, and that Appellants' misconduct was willful, the district court did not abuse its discretion. *See id.* at 525.

Finova's notice to Appellants of the impending default judgment was constitutionally adequate. *See Virtual Vision, Inc. v. Praegitzer Indus., Inc. (In re Virtual Vision, Inc.),* 124 F.3d 1140, 1144–45 (9th Cir.1997).

AFFIRMED.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.